# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID E. BAKER, II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00138** |
| | ) | **Judge Trauger** |
| **WILLIAMSON COUNTY** | ) | |
| **SHERIFF'S OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Baker, II, while he was incarcerated in the Williamson County Jail,[1] filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the court for ruling on the plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because the plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacked the funds to prepay the entire filing fee, that IFP application (Doc. No. 2) is **GRANTED**.

---

[1] On March 13, 2026, the plaintiff notified the court that he had been released from custody. (Doc. No. 8.)

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint

2

must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. <u>Allegations of the Complaint</u>

The Complaint alleges that, on December 24, 2024, Williamson County Sheriff's Deputy Jenkins moved the plaintiff, a pretrial detainee, to a segregation pod and cell within the Jail, "forc[ing] [him] into a cell with a violent sexual predator [and] homosexual." (Doc. No. 1 at 4, 5, 7.) This put the plaintiff "into a sexually compromised position of being raped." (*Id.* at 4.) He was "in fear for [his] life" and "refused to allow this inmate [to] rape [him] again." (*Id.* at 5.) After filing a complaint under the Prison Rape Elimination Act (PREA) and "refusing to be raped by an inmate with HIV," the plaintiff spent 60 days in "involuntary segregation," which he claims was a punishment imposed by Captain Youker and Lt. Lindquist. (*Id.* at 4, 5.) He suffered "mental anguish [that] has caused emotional distress requiring medical treatment," and claims a deteriorated ability to re-enter society "after the trauma of being raped and contracting HIV/AIDS." (*Id.* at 5.) He claims cruel and unusual punishment (*id.* at 3) and requests the following relief: "$100,000.00 in damages for intentional infliction of emotional distress [and] the ability to seek trauma counseling." (*Id.* at 5.)

C. <u>Analysis</u>

Although the Complaint's allegations are sparse and not entirely clear, they can be construed (favorably to the plaintiff) to support the inference that the plaintiff was made to share a segregation cell with an inmate by whom he had previously been sexually assaulted. To plausibly claim that Deputy Jenkins violated his constitutional rights by failing to protect him from being housed with such a dangerous cellmate, the plaintiff must allege that Jenkins "act[ed] intentionally

3

in a manner that put[] the plaintiff at substantial risk of harm, without taking reasonable steps to abate that risk, and by failing to do so actually cause[d] the plaintiff's injuries." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 729 (6th Cir. 2022). The Complaint, however, does not allege that Deputy Jenkins was previously aware of any violent history between the two inmates, or that he knew the other inmate had a history of perpetrating sexual violence. Therefore, there are no grounds for a plausible claim that Jenkins acted intentionally to put the plaintiff at risk during the cell transfer. While Jenkins is alleged to have "forced" the plaintiff into the newly assigned cell (Doc. No. 1 at 5), this lone allegation does not make it plausible, rather than merely possible, that Jenkins might be liable on a failure-to-protect theory. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully"; it requires facts that are more than "merely consistent with a defendant's liability") (citation and internal quotation marks omitted). Accordingly, no viable claim is stated against Jenkins.

The plaintiff next alleges that, after filing his PREA complaint "for fear of being raped again" (Doc. No. 1 at 6), he was "left in involuntary segregation" (*id.* at 17) for sixty days by Captain Youker and Lt. Lindquist. (*Id.* at 4, 5.) The court liberally construes this allegation as an attempt to claim retaliation under the First Amendment. "To establish such a claim, a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir.1999) (en banc)).

This court presumes the filing of a complaint under PREA to be protected conduct, "so long as the [filing] is not frivolous." *Hart v. Baugus*, No. 3:25-cv-00905, 2026 WL 767462, at *3

4

(M.D. Tenn. Mar. 18, 2026) (citing *Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *6 (M.D. Tenn. Nov. 4, 2019)). However, the Complaint's allegations do not plausibly establish the adverse action or causal connection elements of a retaliation claim. Responding to protected conduct by moving an inmate to segregated housing, with its attendant restrictions on inmate life compared to general-population housing, has long been recognized as sufficiently adverse to satisfy the second element of a retaliation claim. *Hill*, 630 F.3d at 474 (citing *Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000), and *Dunham-Bey v. Holden*, No. 98–1522, 1999 WL 1023730, at *2 (6th Cir. Nov. 5, 1999)). However, the plaintiff in this case was moved to segregated housing *before* filing his PREA grievance, for reasons not revealed in the Complaint. (*See* Doc. No. 1 at 7 (stating that the cell the plaintiff was "forced [to share] with a sexual predator" was in "segregation housing").) It is thus not reasonable to infer that Youker and Lindquist's decision to keep the plaintiff in segregation was an adverse action causally connected to his PREA filing, rather than merely an action related to the reason for his original placement in segregation. *Cf. Hursey v. Anderson*, No. 2:15-CV-00145, 2020 WL 6204478, at *3–4 (W.D. Mich. Apr. 27, 2020), *report and recommendation adopted*, 2020 WL 6196282 (W.D. Mich. Oct. 22, 2020), *aff'd*, No. 20-2138, 2022 WL 1598142 (6th Cir. Mar. 11, 2022) (finding retaliation claim unsupported where "the record does not establish that [defendant] took some adverse action against [plaintiff] due to some *prior* protected conduct") (emphasis added). The Complaint thus fails to plead a plausible retaliation claim.

Finally, although the Williamson County Sheriff's Office is named in the Complaint's caption (Doc. No. 1 at 1), it is not identified as a defendant in the appropriate section of the Complaint form. (*See id.* at 2–3.) Even if it had been, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper

parties to a § 1983 suit." *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at \*2–3 (M.D. Tenn. Aug. 25, 2010) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

In sum, the sparse allegations of the Complaint are insufficient to state any viable claim against any defendant named therein. Nevertheless, the court in its discretion may allow the plaintiff to file an amended complaint in order to provide additional factual support for his claims. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). The court will exercise that discretion in this case.

### III. CONCLUSION

In sum, although the Complaint as currently constituted does not assert a viable claim, the court will allow the plaintiff an opportunity to amend in order to provide additional factual allegations in support of his claims.

The plaintiff **MUST** file an Amended Complaint that complies with the instructions in this order within **30 DAYS** of the entry of the order. The Clerk is **DIRECTED** to provide the plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). The plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the court apprised of his current address, may result in the dismissal of this case for failure to prosecute and failure to comply with the court's order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

6